## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RODERICK CORLION PEARSON,  :
      Petitioner          :       3:14-CV-1975
                              :
      v.                   :       (Judge Nealon)
                              :
WARDEN EBBERT,          :
      Respondent     :

## MEMORANDUM

On October 15, 2014, Petitioner, Roderick Corlion Pearson, an inmate currently incarcerated at the Canaan United States Penitentiary ("USP-Canaan") in Waymart, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  He challenges a sentence from the United States District Court for the Northern District of Alabama.  (Id.).  For the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

## Background

On May 7, 2007, Petitioner pled guilty to bank robbery and related firearms charges for a robbery that occurred on January 25, 2007.  See United States v. Pearson, 2:07-cr-0072 (N.D. Al. filed February 28, 2007); (Doc. 1) (Count 3- 18 U.S.C. § 2113(a), (d); Count 4- 18 U.S.C. § 924(c)(1)(A)(ii); Count 5- 18 U.S.C. § 922(g)(1)).  He proceeded to a jury trial on the remaining charges of bank robbery and brandishing a firearm during and in relation to a crime of violence regarding a

robbery that took place on January 12, 2007.  Id. (Count 1- 18 U.S.C. § 2113(a),

(d); Count 2- 18 U.S.C. § 924(c)(1)(A)(ii)).  The jury returned a guilty verdict on

May 10, 2007.  Id.  On August 21, 2007, Petitioner was sentenced to a total of five

hundred sixty-four (564) months for the two (2) separate bank robberies and

firearm charges.  Id.

On direct appeal, he claimed, inter alia, that "his prior conviction [for

discharging a firearm into an unoccupied vehicle] should not have been considered

a crime of violence for purposes of U.S.S.G. § 4B1.2(a), and that his sentence was

unreasonable under 18 U.S.C. § 3553(a)."  United States v. Pearson, 308 Fed.

Appx. 375, 376-79 (11th Cir. 2009).  His conviction and sentence were affirmed

on January 22, 2009.  Id.; (Doc. 1, p. 2).

Petitioner filed a motion to vacate sentence under 28 U.S.C. § 2255 in the

trial court on November 23, 2009.  See Pearson, 2:07-cr-0072 at (Doc. 57);

Pearson v. United States, 2:09-cv-8041 (N.D. Al. filed November 23, 2009).  He

claimed, inter alia, that the penalty provisions in 18 U.S.C. § 924(e)(1) do not

apply to his offense because he is "actually, factually, and legally innocent of three

previous predicate offenses that could legally be used as strikes to make Petitioner

and [sic] Armed Career Criminal."  Pearson, 2:09-cv-8041 at (Doc. 1, p. 6(a)).

The matter was referred to a magistrate judge, who issued a report and

recommendation ("R&R") recommending that the motion be denied. Id. at (Doc. 13). On August 30, 2011, the R&R was adopted and the section 2255 motion was denied. Id. at (Doc. 16). Petitioner filed a notice of appeal and a motion for a certificate of appealability, but they were dismissed for his failure to pay the filing fee. Id. at (Docs. 23, 28).

In 2013, prior to his transfer to USP- Canaan, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of Louisiana, claiming that the Supreme Court's decision in United States v. O'Brien, 560 U.S. 218 (2010), established that he may have been convicted of a non-existent offense. See Pearson v. Carvajah, 2013 U.S. Dist. LEXIS 160330 (W.D. La. 2013). The Court concluded that Petitioner did not meet his burden of proving that 28 U.S.C. § 2255 would be inadequate or ineffective to test the legality of his conviction and, accordingly, dismissed his petition. See id.

On October 15, 2014, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241, alleging that his sentence for 18 U.S.C. § 922(g) exceeds the statutory maximum. (Doc. 1, p. 3). He asserts that the savings clause of section 2255 applies to his petition in light of a retroactive Supreme Court decision establishing that he may have been convicted of a non-existent offense. (Id. at p.

6).  Specifically, Petitioner argues that the Eleventh Circuit Court of Appeals has

ruled that <u>Begay</u>[1] is retroactive to cases on collateral review.  (Doc. 1,

memorandum  pp. 1, 5-6), <u>citing</u> <u>Mackey v. Warden, FCC Coleman - Medium</u>, 739

F.3d 657, 660 (11th Cir. 2014); <u>Bryant v. Warden</u>, 738 F.3d 1253 (11th Cir. 2013).

He contends that his prior offense of conspiracy to commit robbery is not a

"violent felony" under the Armed Career Criminal Act ("ACCA").  (<u>Id.</u>), <u>citing</u>

<u>United States v. Whitson</u>, 597 F.3d 1218, 1223 (11th Cir. 2010) ("conclud[ing]

that non-overt act conspiracy is not a section 4B1.1 'crime of violence'").

Petitioner also refers to allegedly contradictory statements in his presentence

report regarding his prior history.  (<u>Id.</u> at memorandum pp. 4-6).

Petitioner further argues that he is actually innocent of the sentencing

enhancement at 18 U.S.C. § 924(e).  (<u>Id.</u> at memorandum p. 3).  He asserts that

without the enhancement, the statutory maximum for his conviction of 18 U.S.C. §

922(g) is ten (10) years, but that he was sentenced to one hundred eighty (180)

months.  (<u>Id.</u> at memorandum pp. 3-4).  Petitioner contends that the miscarriage of

---

[1]<u>Begay v. United States</u>, 553 U.S. 137, 144-45, 148 (2008) ("hold[ing] only
that, for purposes of the particular statutory provision before us, a prior record of
DUI, a strict-liability crime, differs from a prior record of violent and aggressive
crimes committed intentionally such as arson, burglary, extortion, or crimes
involving the use of explosives" because such "crimes all typically involve
purposeful, 'violent,' and 'aggressive' conduct").

justice exception applies because he was sentenced beyond the maximum penalty allowed by law.  (Doc. 1, memorandum pp. 6-7), <u>citing</u> <u>Spencer v. United States</u>, 727 F.3d 1076, 1087 (11th Cir. 2013); <u>Whiteside v. United States</u>, 748 F.3d 541, 550 (4th Cir. 2014).

## **Discussion**

Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution or laws of the United States or are otherwise subject to collateral attack.  <u>Davis v. United States</u>, 417 U.S. 333, 343 (1974); <u>O'Kereke v. United States</u>, 307 F.3d 117, 122-23 (3d Cir. 2002).  In general, there are four (4) grounds for relief under section 2255, including a sentence that exceeds the maximum allowed by law.  <u>See</u> R. Governing § 2255 Cases 1(a).  More specifically, the courts have determined that section 2255 is the appropriate means for a federal prisoner to dispute a career offender classification based on the decision in <u>Begay</u>.  <u>See</u> <u>United States v. Kenney</u>, 391 Fed. Appx. 169, 171-72 (3d Cir. 2010) (reclassifying the petitioner's motion, which challenged his sentence based on the holding in <u>Begay</u>, as a successive section 2255 motion and concluding that he could not meet the statutory requirements for filing second or successive section 2255 motions); <u>Pryce v. Scism</u>, 2011 U.S. Dist. LEXIS 1171

5

(M.D. Pa. 2011) (Jones, J.).

A prisoner's challenge to the legality of his sentence under 28 U.S.C. § 2255 must be made in the sentencing court.  Hendricks v. President United States, 575 Fed. Appx. 19, 20 (3d Cir. 2014).  But, a "second or successive motion must [first] be certified as provided in section 2244 [28 U.S.C. § 2244] by a panel of the appropriate court of appeals...."  28 U.S.C. § 2255(h);[2] 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").  It is the court of appeals, not the district court, that must certify a petitioner's right to file a second or successive section 2255 motion.  See 28 U.S.C. § 2255(h); Selby v. Scism,

_____

[2]Title 28 U.S.C. § 2255(h) provides:

A second or successive motion must be certified ... by a panel of the appropriate court of appeals to contain–

  (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

  (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

6

2010 U.S. Dist. LEXIS 100060, *7-9 (M.D. Pa. 2010) (Munley, J.).  Where a

petitioner fails to obtain prior authorization from the court of appeals, the district

court lacks jurisdiction over a second or successive section 2255 motion.  <u>See</u>

<u>Pelullo v. United States</u>, 487 Fed. Appx. 1, 2 n.2 (3d Cir. 2012); <u>United States v.</u>

<u>Rodriguez</u>, 327 Fed. Appx. 327, 329 (3d Cir. 2009) (holding that the "district

courts lack jurisdiction over second or successive § 2255 motions without proper

authorization from a panel of the court of appeals"); <u>Robinson v. Johnson</u>, 313

F.3d 128, 139 (3d Cir. 2002), <u>cert. denied</u> 540 U.S. 826 (2003).

There is a "narrow exception" that allows a federal prisoner to file a petition

pursuant to 28 U.S.C. § 2241 in the court of confinement where the remedy

available under section 2255 is inadequate or ineffective to test the legality of

detention.  <u>See</u> 28 U.S.C. § 2255(e); <u>Soler v. Martinez</u>, 435 Fed. Appx. 69, 70 (3d

Cir. 2011) (quoting <u>Cradle v. United States ex rel. Miner</u>, 290 F.3d 536, 538 (3d

Cir. 2002)); <u>O'Kereke</u>, 307 F.3d at 120.  "A motion under § 2255 is inadequate or

ineffective 'only where the petitioner demonstrates that some limitation of scope

or procedure would prevent a § 2255 proceeding from affording him a full hearing

and adjudication of his claim of wrongful detention.'"  <u>Yuzary v. Samuels</u>, 269

Fed. Appx. 200, 201 (3d Cir. 2008) (quoting <u>Cradle</u>, 290 F.3d at 539).  "Section

2255 is not inadequate or ineffective merely because the sentencing court does not

grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping[3] requirements of the amended § 2255." Cradle, 290 F.3d at 539; In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538; see also Brown v. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001) (Vanaskie, J.) (explaining that section 2241 should not be used as a way of evading the gatekeeping requirements of section 2255). If a petitioner improperly challenges a federal conviction or sentence under 28 U.S.C. § 2241, the petition must be dismissed for lack of jurisdiction. See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

Here, Petitioner cannot establish that the remedy under section 2255 is inadequate or ineffective because he does not allege that he was convicted of conduct that is now non-criminal. See Scott v. Shartle, 574 Fed. Appx. 152, 155 (3d Cir. 2014) (holding that a petitioner "challenging his career offender designation and [] not claiming that he is now innocent of the predicate offense, [] does not fall within the 'safety valve' exception created in In re Dorsainvil and cannot proceed under § 2241"); United States v. Kenney, 391 F. App'x 169, 172

---

[3]"Section 2255(h) is known as the 'gate-keeping' provision." Scott v. Shartle, 574 Fed. Appx. 152, 154 (3d Cir. 2014).

(3d Cir. 2010) ("Section 2241 is not available for intervening changes in the sentencing law."); O'Kereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002). As recognized in In re Dorsainvil, a federal prisoner can pursue relief under section 2241 only where a subsequent statutory interpretation reveals that the prisoner's conduct is not criminal so as to avoid a complete miscarriage of justice. Dorsainvil, 119 F.3d at 251. "Thus, where an intervening change in the law relates to sentencing, and does not render the crime for which a petitioner was convicted noncriminal, ... the exception in In re Dorsainvil is not available to a petitioner to allow him to pursue relief under § 2241." Jackson v. Scism, 2011 U.S. Dist. LEXIS 126299, *10 (M.D. Pa. 2011) (Jones, J.). Specifically, a petitioner challenging his sentence in light of the decision in Begay is "claiming legal insufficiency-that he did not meet the legal definition of a career offender-not actual innocence [and] cannot satisfy the miscarriage of justice standard." Kenney, 391 Fed. Appx. at 172 (concluding that although habeas jurisprudence allows the courts to hear a successive petition to avoid a miscarriage of justice, the petitioner must make a "strong showing of actual innocence"); Pryce, 2011 U.S. Dist. LEXIS 1171 at *10-11 (dismissing the petitioner's Begay challenge because "innocence of a sentence enhancement is not the same as actual innocence of the underlying criminal offense such that the remedy afforded by § 2255 would be

inadequate or ineffective").  Because Petitioner, here, is challenging his sentence based on the holding in <u>Begay</u>, <u>see</u> (Doc. 1, Memorandum at pp. 1-7),[4] his claim does not fall within the inadequate or ineffective safety valve of section 2255.

Nevertheless, Petitioner argues that he is entitled to pursue relief under 28 U.S.C. § 2241 based on Eleventh Circuit case law.  <u>See</u> (Doc. 1, memorandum). Specifically, he asserts that <u>Begay</u> has been made retroactive to cases on collateral review.  (<u>Id.</u>) (citing <u>Bryant v. Warden</u>, 738 F.3d 1253, 1257 (11th Cir. 2013)).  In <u>Bryant</u>, the Eleventh Circuit Court of Appeals held:

> Bryant has proven that his prior § 2255 motion was "inadequate or ineffective to test the legality of his detention" and that his § 2241 petition can now proceed under § 2255(e) because: (1) from the time of his initial sentencing in 2002 throughout his first § 2255 proceeding in 2005, our Circuit's binding precedent in <u>United States</u>

---

[4]Additionally, Petitioner argues that it was unclear which prior convictions were used to enhance his sentence and that the government unlawfully attempted, after sentencing, to correct which prior it relied upon.  <u>See</u> (Doc. 1, memorandum at pp. 4-5).  These claims are also not cognizable under section 2241.  <u>See</u> <u>Smith v. United States</u>, 2014 U.S. Dist. LEXIS 149929, *3 (M.D. Pa. 2014) (Caldwell, J.) (rejecting the petitioner's reliance on <u>Byrant</u> to invoke section 2241 because, first, Eleventh Circuit law is not binding in the Middle District of Pennsylvania and, second, because "[a]lthough Petitioner frames his 2241 petition as a challenge to his sentences, a review of his arguments reveals he is really challenging the sufficiency of the evidence to support the convictions"); <u>Cradle v. Unites States, et al.</u>, 1:01-cv-117 (M.D. Pa. June 27, 2001) (Caldwell, J.) (dismissing the section 2241 petition, which challenged the adequacy of the government's notice of intent to pursue enhanced sentencing, because the remedy under section 2255 was not inadequate or ineffective to test the legality of detention), <u>aff'd</u> 290 F.3d 536, 537 (3d Cir. 2002).

v. Hall, 77 F.3d 398, 401-02 (11th Cir. 1996), held that a
concealed-firearm offense under Fla. Stat. § 790.01 was a "violent
felony" under § 924(e) and squarely foreclosed Bryant's claim that he
was erroneously sentenced above the 10-year statutory maximum
penalty in § 924(a); (2) subsequent to Bryant's first § 2255
proceeding, the Supreme Court's decision in Begay v. United States,
553 U.S. 137, 128 S. Ct. 1581, 170 L. Ed. 2d 490 (2008), set forth a
new standard to evaluate which crimes constitute violent felonies
under § 924(e), and Begay, as interpreted by United States v. Archer,
531 F.3d 1347, 1352 (11th Cir. 2008), and United States v. Canty,
570 F.3d 1251, 1255 (11th Cir. 2009), overturned our Circuit
precedent in Hall; (3) Begay's new rule is substantive and applies
retroactively to Bryant's § 924(e) claim on collateral review; (4) as a
result of pure § 924(e)-Begay error and retroactive application of
Begay, Bryant's 235-month sentence exceeds the 10-year statutory
maximum authorized by Congress in § 924(a); and (5) the savings
clause in § 2255(e) reaches his claim of illegal detention above the
statutory maximum penalty. Accordingly, we vacate the district
court's dismissal of Bryant's § 2241 petition and remand with
instructions set forth herein.

Bryant v. Warden, 738 F.3d 1253, 1257 (11th Cir. 2013).  Petitioner contends that

before Begay, his prior conviction for conspiracy to commit robbery was a

"violent felony" under section 924.  (Doc. 1, memorandum), citing United States

v. Wilkerson, 286 F.3d 1324, 1325-26 (11th Cir. 2002) (holding that "[w]hen one

reaches an agreement with a co-conspirator to commit a robbery, and formulates

the intent to commit the robbery, his conduct presents at least a potential risk of

physical injury within the meaning of § 924(e)(2)(B)(ii)").  After he was

sentenced, however, the Eleventh Circuit Court of Appeals ruled that such an

offense is no longer a violent felony as defined by section 4B1.1.  (Id.), citing

United States v. Whitson, 597 F.3d 1218, 1222-23 (11th Cir. 2010) (determining

that after Begay, "non-overt act conspiracy is not a section 4B1.1 'crime of

violence'").  Pursuant to these cases and other Eleventh Circuit opinions,

Petitioner claims that section 2255's savings clause allows him to proceed with a

petition under section 2241.  (Doc. 1, memorandum) (citing Eleventh Circuit case

law).

 Initially, it is noted that this Court is not bound by any decision issued in the

Eleventh Circuit.  See Walker v. Williamson, 235 Fed. Appx. 888, 889 (3d Cir.

2007) (stating that case law from another Circuit "is not binding on the courts of

this Circuit"); United States v. Rhines, 640 F.3d 69, 72 (3d Cir. 2011) (finding that

decisions from the Tenth Circuit "are not binding upon us and have no bearing

upon the standard in this Circuit"); Jackson v. Scism, 2011 U.S. Dist. LEXIS

126299, *14 n.5 (M.D. Pa. 2011) (Jones, J.) (explaining that a decision issued in

the Eleventh Circuit "is not binding on this Court").  Furthermore, Petitioner's

reliance on Bryant is unavailing.  This Court recently explained in another case:

> Petitioner asks this Court to apply Bryant v. Warden, 738 F.3d 1253
> (11th Cir. 2013), in which the Eleventh Circuit Court of Appeals held
> a prisoner had satisfied the requirements of the § 2255 savings clause.
> See (Doc. 1 at 10). As an initial matter, Bryant is irrelevant because it
> is not binding law in the Third Circuit. The requirements to invoke

the § 2255 savings clause in the Third Circuit are discussed above, and [the petitioner] cannot meet those requirements. But even if this Court were required to follow <u>Bryant</u>, the outcome would be no different....

<u>Snype v. United States</u>, 2014 U.S. Dist. LEXIS 167708, *8-9 (M.D. Pa. 2014)

(Nealon, J.).  Similarly here, Petitioner cannot establish that section 2255 is

inadequate or ineffective as to allow him to pursue relief under section 2241.  <u>See</u>

<u>Selby v. Scism</u>, 453 Fed. Appx. 266, 267-68 (3d Cir. 2011) (affirming the district

court's dismissal of Selby's section 2241 petition, which alleged that the trial court

improperly considered his simple assault conviction as a crime of violence and

classified him as a career offender, because the exception in <u>In re Dorsainvil</u> does

not apply to sentencing enhancements and Selby could not show that section 2255

was inadequate or ineffective to challenge his sentence).

Moreover, even if this Court were to apply Eleventh Circuit case law,

Petitioner would still not be entitled to relief.  Unlike the petitioner in <u>Bryant</u>, at

the time Petitioner filed his first motion under 28 U.S.C. § 2255 on November 23,

2009, the United States Supreme Court's decision in <u>Begay</u> had already been

issued.  <u>See Begay</u>, 553 U.S. 137 (decided April 16, 2008).  Additionally, on

February 23, 2010, the Eleventh Circuit Court of Appeals considered whether

criminal conspiracy is a section 4B1.1 "crime of violence" after <u>Begay</u>, and

13

concluded that it is not.  United States v. Whitson, 597 F.3d 1218, 1222-23 (11th

Cir. 2010).  Petitioner's section 2255 proceedings were still pending at this time,

and did not "end" until at least[5] August 30, 2011, when his section 2255 motion

was denied.  See Pearson, 2:09-cv-8041 at (Docs. 1, 15-16).  Accordingly,

Petitioner did not satisfy Bryant's second requirement for showing that section

2255 was inadequate or ineffective, specifically that a subsequent United States

Supreme Court decision overturned circuit precedent foreclosing his claim after

the "initial § 2255 proceedings had **ended**."  See Bryant, 738 F.3d at 1275-76

(emphasis added).  Unlike Bryant, Petitioner could have raised his Begay

challenge in his first section 2255 motion; therefore, 28 U.S.C. § 2255 is not

inadequate or ineffective, and this Court lacks jurisdiction under 28 U.S.C. § 2241.

Id.; see also Garcia v. Warden Fort Dix FCI, 2014 U.S. App. LEXIS 23114, *5 (3d

Cir. 2014) (explaining that the safety valve does not apply where the petitioner

had a prior opportunity to present his claim, and finding that jurisdiction under

section 2241 was lacking), citing O'Kereke, 307 F.3d at 120.

**Conclusion**

     Petitioner's habeas claim, which challenges a sentencing enhancement

---

[5]After the section 2255 motion was denied, Petitioner filed a motion to alter judgment/reconsider on September 28, 2011.  The court did not deny this motion until March 27, 2012.  See Pearson, 2:09-cv-8041 at (Docs. 17, 20).

based on <u>Begay</u>, is cognizable under 28 U.S.C. § 2255.  He has not established that the remedy under section 2255 is inadequate or ineffective to test the legality of his detention so as to allow him to seek relief pursuant to 28 U.S.C. § 2241 because the Third Circuit Court of Appeals has made clear that section 2241 is not available for intervening changes in the sentencing law.  Petitioner has not alleged that he was convicted of conduct that is now non-criminal; therefore, the safety valve exception created in <u>In re Dorsainvil</u> does not apply to his claim.  Moreover, even if this Court were to apply the non-binding Eleventh Circuit case law, which Petitioner cites, he still would not be entitled to relief because his initial section 2255 proceedings had not ended when the circuit busting law was changed. Accordingly, the petition will be dismissed for lack of jurisdiction.

A separate Order will be issued.


      /s/  William J. Nealon

**Date:** February 10, 2015            **United States District Judge**